UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HPROF, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>M R F FLORES and DOES 1 to 15,<br><br>                    Defendants. | No.  2:15-cv-454-MCE-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

On February 27, 2015, defendant, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Solano County. ECF No. 1.¹ This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

---

¹ Also on February 27, 2015, defendant filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF Nos. 2. However, in light of the recommendation herein that this action be remanded, defendant's request to proceed *in forma pauperis* will not be addressed.

1

1    first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As explained below,

2    defendant has failed to meet that burden.

3        The notice of removal references several federal statutes, and it appears that defendant

4    contends that this court has federal question jurisdiction over the matter pursuant to 28 U.S.C.

5    § 1331.  ECF. No. 1 at 1-2.  However, a review of the complaint reveals that plaintiff does not

6    allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.  ECF

7    No. 1 at 8-10 (Compl.).  The presence or absence of federal question jurisdiction "is governed by

8    the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a

9    federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar,*

10   *Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes

11   either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief

12   necessarily depends on resolution of a substantial question of federal law." *Williston Basin*

13   *Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100

14   (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28

15   (1983)).  Here, plaintiff's one cause of action is for unlawful detainer under state law, and under

16   the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for

17   removal.[2]  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

18       Therefore, because defendant has not adequately established a basis for this court's

19   subject matter jurisdiction, the case must be remanded.  *See* 28 U.S.C. § 1447(c).

20   /////

21   /////

22   /////

23

---

24      [2]  Nor has defendant established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000, nor does it appear that removal by defendant would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also Fed. Home Loan Mortg. Corp. v. Cantillano*, 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

2

1   Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be
2 REMANDED to the Superior Court of the State of California in and for the County of Solano.
3   These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within fourteen days after service of the objections.  Failure to file
9 objections within the specified time may waive the right to appeal the District Court's order.
10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
11 Cir. 1991).
12 DATED:  March 2, 2015.

     EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE